UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DMITRIY YEGOROV,<br><br>              Plaintiff,<br><br>       v.<br><br>JAMIE ROMAN,<br><br>              Defendant. | No.  2:14-cv-2119-GEB-AC<br><br><br>ORDER |

Plaintiff, proceeding in this action pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds that plaintiff has not stated a claim on which relief may be granted because judicial immunity protects defendant from liability. "Judges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. U.S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987). A judge can be subject to liability "only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) (citing Bradley v. Fischer, 80 U.S. 335, 351 (1871)). Plaintiff's complaint seems to allege that defendant Jamie Roman, a Sacramento Superior Court Judge, wrongfully granted custody of one of plaintiff's children to his former spouse by failing to consider the fact that his spouse had been convicted of multiple felonies. ECF No. 1 at 3–4.[1] Because Judge Roman is immune from civil liability, this court finds that plaintiff's complaint fails to state a claim.

Plaintiff will be granted leave to amend if he wishes to bring related claims against a defendant or defendants who are not immune from liability. The court notes that the complaint includes numerous allegations regarding the conduct of individuals other than Judge Roman. If plaintiff intends to bring claims for relief against any of these individuals, they must be named as defendants and plaintiff must specify the acts of each individual that violated his rights.

---

[1] Citations to court documents refer to the page numbers assigned by the court's electronic docketing system.

1    The court also finds the allegations in plaintiff's complaint so vague and conclusory that it
2 is unable to determine whether the current action is frivolous or fails to state a claim for relief on
3 grounds other than immunity.  The court has determined that the complaint does not contain a
4 short and plain statement as required by Federal Rule of Civil Procedure 8(a)(2).  Although the
5 Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the
6 elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,
7 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts
8 which defendants engaged in that support plaintiff's claims.  Id.  Therefore, plaintiff's complaint
9 must be dismissed because the court is unable to determine whether it is frivolous or states a
10 claim for relief.

11   The court also finds that plaintiff's claim must be dismissed because it does not contain a
12 demand for relief.  "In order to state a claim for relief, a complaint must include 'a demand for the
13 relief sought.'"  Saldana v. Henning, CV 14-1396-RT MAN, 2014 WL 1308594 (C.D. Cal. Apr.
14 1, 2014) (citing Fed. R. Civ. P. 8(a)(3)).  Plaintiff's complaint does not contain a single request
15 for relief.  Accordingly, plaintiff's complaint must be dismissed for this additional reason.

16   If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
17 grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. 8(a).  Further, plaintiff must
18 file his claim against a defendant that is not immune from liability.  In addition, plaintiff is
19 informed that the court cannot refer to a prior pleading in order to make plaintiff's amended
20 complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself
21 without reference to any prior pleading.  This is because, as a general rule, an amended complaint
22 supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once
23 plaintiff files an amended complaint, the original pleading no longer serves any function in the
24 case.  Therefore, in an amended complaint, as in an original complaint, each claim and the
25 involvement of each defendant must be sufficiently alleged.  Finally, any amended complaint
26 must contain a specific demand for relief.

27   In accordance with the above, IT IS HEREBY ORDERED that:
28   1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

    2. Plaintiff's complaint (ECF No. 1) is dismissed; and

    3 Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 18, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE