1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DMITRIY YEGOROV,                              No.  2:14-cv-2119-GEB-AC

12                         Plaintiff,

13         v.                                        FINDINGS AND RECOMMENDATIONS

14    JAMIE ROMAN,

15                         Defendant.

16

17          Plaintiff, proceeding in this action pro se and in forma pauperis, has filed a first amended

18    complaint, ECF No. 4, after his original pleading was dismissed for seeking relief from a

19    defendant immune from liability.  See ECF No. 3 (previous screening order).  The federal in

20    forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous

21    or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief

22    from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

23          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

24    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

25    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

26    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

27    490 U.S. at 327.  A complaint, or portion thereof, should only be dismissed for failure to state a

28    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

                                                     1

1    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

2    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.

3    Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

4    complaint under this standard, the court must accept as true the allegations of the complaint in

5    question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), construe the pleading in

6    the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

7    McKeithen, 395 U.S. 411, 421 (1969).

8        When a plaintiff appears pro se in a civil rights case, "the court must construe the

9    pleadings liberally and must afford plaintiff the benefit of any doubt."  Karim-Panahi v. L.A.

10   Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988).  When interpreting the pleadings liberally,

11   however, the court "may not supply essential elements of the claim that were not initially pled."

12   Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Additionally, a

13   court need not accept as true unreasonable inferences, unwarranted deductions of fact, or

14   conclusory legal allegations cast in the form of factual allegations.  See Adams v. Johnson, 355

15   F.3d 1179, 1183 (9th Cir. 2004).  Before the court can dismiss a pro se civil rights complaint for

16   failure to state a claim, the court must give the plaintiff a "statement of the complaint's

17   deficiencies."  Karim-Panahi, 839 F.2d at 623.  Moreover, a pro se litigant "must be given leave

18   to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint

19   could not be cured by amendment."  Id. at 623 (citation omitted).

20       Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain "a short and

21   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

22   defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic

23   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  Rule 8(d)(1) states "[e]ach

24   allegation must be simple, concise, and direct."  The claim for relief must be "plausible on its

25   face," meaning that the "factual content [ ] allows the court to draw the reasonable inference that

26   the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

27   (citation omitted).  Furthermore, while a pro se plaintiff should generally be given leave to

28   amend, "federal courts are far less charitable when one or more amended pleadings already have

2

1    been filed with no measurable increase in clarity." 5 Charles Alan Wright & Arthur R. Miller,

2    Federal Practice and Procedure § 1217 (3d ed. 2004); see also Schmidt v. Herrmann, 614 F.2d

3    1221, 1224 (9th Cir. 1980) (affirming dismissal of second amended complaint with prejudice

4    where pleading consisted of "confusing, distracting, ambiguous, and unintelligible" allegations in

5    violation of Rule 8).

6            Here, plaintiff's first amended complaint fails to comply with the standards set forth in

7    Rule 8.  Plaintiff's claims are not short and plain statements, nor are they simple, concise or

8    direct.  See Twombly, 550 U.S. at 555.  Rather, the first amended complaint consists of long,

9    rambling and incoherent allegations of corruption, abuse, kidnapping, and an unexplained

10   conspiracy between the United States and Russia.  These allegations are interspersed with

11   disjointed factual assertions and conclusions.  Further, plaintiff has failed to address the fact that

12   defendant is immune from liability for his judicial actions.  See Mullis v. U.S. Bankr. Court for

13   Dist. of Nevada, 828 F.2d 1385, 1388 (9th Cir. 1987).  Accordingly, plaintiff's first amended

14   complaint does not state a claim for relief.

15           The court previously granted plaintiff leave to amend with instructions on how to amend

16   his complaint in compliance with Rule 8.  Nonetheless, the first amended complaint still consists

17   almost entirely of rambling and implausible allegations.  As plaintiff has had ample opportunity

18   to correct the deficiencies in his complaint, and he continues to make the same conclusory and

19   incoherent allegations against a defendant that is immune from liability, the court finds that any

20   further attempt to amend would be futile.

21           In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's first

22   amended complaint be dismissed without leave to amend.

23           These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

28   objections shall be filed and served within fourteen days after service of the objections.   The

3

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: October 22, 2014

4   _____
    ALLISON CLAIRE

5   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28